FILED

**April 26, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0937 – *SER D.B. and J.N. v. The Honorable Thomas A. Bedell, Judge of the Circuit Court of Harrison, J.S., T.S., and the West Virginia Department of Health and Human Resources.*

Armstead, Justice, joined by Justice Walker, concurring, in part, and dissenting, in part:

The majority opinion correctly found that the circuit court exceeded its legitimate powers and committed clear error as a matter of law when it granted Respondent Grandparents' motion for temporary custody of the child, R.L., and found that he should achieve permanency through adoption by them. The majority opinion arrives at this conclusion by finding that: 1) Petitioners, D.B. and J.N., were denied their right to notice and the opportunity to be heard in a meaningful way; 2) the circuit court erred by ruling that Respondent Grandfather's conviction did not preclude him from obtaining placement of R.L.; and 3) the circuit court erred by failing to conduct a proper best interests of the child analysis. While I agree with all three of these findings, I write separately to address the majority opinion's discussion of the DHHR's grievance process when a prospective foster or adoptive parent does not receive an approved home study based on a non-waivable criminal conviction.

As noted by the majority opinion, the DHHR's Homefinding Policy,[1] as well as West Virginia Code § 49-2-114 (2015), requires that an individual applying to become a foster or adoptive parent not have a criminal or abusive background. A criminal background check must be performed to ensure compliance with this requirement. The

---

[1] *See* (https://dhhr.wv.gov/bcf/policy/Documents/Homefinding%20Policy.pdf).

1

Homefinding Policy provides that if an individual has "a criminal conviction for which there is no waiver permitted, the home will not be approved." *Id.*, at § 37-38. The Homefinding Policy sets forth seventeen categories of criminal convictions that are not waivable including murder, abduction, sexual offenses, child abuse, kidnapping, and felony drug crimes. *Id.*

The grievance process for an individual who has committed a non-waivable offense is contained in the DHHR's "Common Chapters Manual."[2] The "Common Chapters Manual" provides that the grievance process is subject to the Administrative Procedures Act found in West Virginia Code § 29A-5-1 *et seq*. A circuit court's standard of review for such a grievance is set forth in West Virginia Code § 29-5A-4(g):

> (g) The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

---

[2] *See* West Virginia Department of Health and Human Resources Common Chapter Manual,(https://www.wvdhhr.org/oig/pdf/OIG/CommonChapters700.pdf?msclkid=2294 be28c04011eca6d4a17dfcac984e).

According to the plain language of the DHHR's Homefinding Policy, an individual with a non-waivable criminal conviction may not receive an approved home study. Thus, a circuit court's task in a grievance hearing is necessarily limited to determining whether sufficient proof of the conviction has been established. There is nothing contained in West Virginia Code § 29-5A-4(g), nor any DHHR policy or regulation, that would permit a circuit court in a grievance hearing to rule that despite proof that an individual has committed a non-waivable criminal offense, he or she may nevertheless receive an approved home study. Such a ruling would render the seventeen categories of non-waivable offenses contained in the DHHR's Homefinding Policy meaningless. Stated another way, the DHHR has set forth a bright-line rule and determined that certain criminal convictions will result in an individual receiving a failed home study. A circuit court does not have the authority under West Virginia Code § 29-5A-4(g) to exercise its own discretion and decide to waive a non-waivable offense.

In the present case, it is undisputed that Respondent Grandfather has been convicted of two felony sexual battery offenses. Therefore, I disagree with the majority opinion's rejection of Petitioners' contention that "the respondent grandfather can never obtain an approved home study because of his prior criminal conviction." The majority opinion finds that the DHHR failed to properly inform Respondent Grandfather of the grievance process and leaves unresolved the issue of whether Respondent Grandfather may now seek a waiver by filing a grievance. Because it is undisputed that Respondent Grandfather has two non-waivable criminal convictions, it is clear that he can never obtain

3

an approved home study. Thus, any issue regarding the DHHR's failure to inform Respondent Grandfather of his right to file a grievance is moot.

Based on all of the foregoing, I concur with the majority opinion's decision to grant the writ of prohibition based on its finding that the circuit court committed multiple errors. To the extent that the majority opinion suggests that Respondent Grandfather may obtain a waiver of his non-waivable criminal convictions and ultimately receive an approved home study through the grievance process, I dissent. Respondent Grandfather concedes that he was convicted of two non-waivable criminal offenses. He is therefore foreclosed from receiving an approved home study.